# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

ATLAS IP, LLC,
a Florida Limited Liability Corporation,

                Plaintiff,

   v.

EXELON CORP., a Pennsylvania Corporation
and COMMONWEALTH EDISON CO., an
Illinois Corporation,

                Defendants.

Case No. 1:15-cv-10746

Hon. Milton I. Shadur

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ....................................................................................................................1

II. LEGAL STANDARD..............................................................................................................3

III. ARGUMENT............................................................................................................................3

    A. Form 18 No Longer Exists, and It Is Just and Practicable to Apply the Current Federal Rules to Atlas' Complaint. ...............................................................3

    B. Atlas' Complaint Should Be Dismissed Because Atlas Fails to: 1) Allege Facts that Make Infringement Plausible; 2) Allege Facts that Suggest Exelon Participated in ComEd's Alleged Infringing Conduct 3) Identify Any Asserted Claims; or 4) Specify Its Theory of Infringement.............................4

        1. Atlas Fails to Allege Facts that Make Infringement Plausible. ...................4

        2. Atlas Fails to Allege Facts that Suggest Exelon Participated in ComEd's Alleged Infringing Conduct. ........................................................5

        3. Atlas Fails to Identify Any Asserted Claims. .............................................6

        4. Atlas Fails to Specify Its Theories of Infringement....................................7

IV. CONCLUSION........................................................................................................................8

# TABLE OF AUTHORITIES

Page

**Cases**

*Acme-Hardesty Co. v. Van Leer Malaysia SDN. BHD.*,
    No. 08 C 4249, 2009 WL 537078 (N.D. Ill. Mar. 4 2009) ...................................................... 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................ 3

*Atlas IP, LLC v. Medtronic, Inc.*,
    Nos. 2015-1071, 2015-1105, 2015 WL 6550622 (Fed. Cir. Oct. 29, 2015) ............................ 7

*Atlas IP, LLC v. St. Jude Med. S.C., Inc.*,
    804 F.3d 1185 (Fed. Cir. 2015) ............................................................................................... 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................................... passim

*Bright v. Hill's Pet Nutrition*, Inc.,
    510 F.3d 766 (7th Cir. 2007) ................................................................................................... 6

*Espinoza v. United States*,
    52 F.3d 838 (10th Cir. 1995) ................................................................................................... 4

*Hodges-Williams v. Barnhart*,
    221 F.R.D. 595 (N.D. Ill. 2004) .............................................................................................. 4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................... 3

*In re Rambus, Inc.*,
    694 F.3d 42 (Fed. Cir. 2012) ................................................................................................... 7

*Long v. Simmons*,
    77 F.3d 878 (5th Cir. 1996) ..................................................................................................... 4

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) ............................................................................................... 7

*Santora v. Starwood Hotel and Resorts Worldwide, Inc.*,
    No. 05 C 6391, 2007 WL 3037098 (N.D. Ill. Oct. 16, 2007) ................................................. 6

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 3

I.      INTRODUCTION

On November 30, 2015, Atlas IP, LLC ("Atlas") sued Exelon Corp. ("Exelon") and Commonwealth Edison Co. ("ComEd") for infringing U.S. Patent No. 5,371,734 ("the '734 patent"), which expired almost three years ago. When Atlas filed this case, the '734 patent was already the subject of a pending *Inter Partes* Review ("IPR") brought by a different entity. Atlas had contended in the IPR that the validity of the challenged claims turned on a single claim construction issue that was then on appeal in the Federal Circuit. A month before Atlas filed this case, the Federal Circuit rejected the constructions put forth by Atlas. Then, on December 3, 2015, three days after Atlas filed suit, the Patent Trial and Appeal Board ("PTAB") invalidated *all* of the challenged claims (independent claims 6, 11, 14, and 21) except for independent claim 44, which it had previously declined to review because it had determined that the claim is indefinite. In its final written decision invalidating claims 6, 11, 14, and 21, the PTAB expressly applied the Federal Circuit's earlier claim constructions to these claims and concluded that the claims were therefore invalid in light of the prior art, as Atlas had effectively conceded.

Atlas filed its Complaint against Exelon and ComEd the day before the formal effective date of amendments to the Federal Rules abrogating Form 18. When the Supreme Court submitted the rule changes on April 29, 2015, it ordered that "the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced, and, ***insofar as just and practicable, all proceedings then pending***." Exelon and ComEd Request for Judicial Notice ("RJN") Ex. 1 at 2 ¶ 2 (emphasis added). Without Form 18 as a safety net, Atlas' Complaint runs afoul of *Twombly* and *Iqbal* and fails to state a claim for relief for four reasons:

*First*, Atlas' Complaint does not set forth facts sufficient to make its claims of patent infringement plausible. Instead of providing facts that, if true, would establish that at least one

1

claim of the '734 patent is embodied in the accused products, Atlas makes general statements about the accused products that don't even match up with the claim language. As but one example, Atlas alleges that a "smart meter has *the ability* to power off its receiver during times other than those when it is receiving data." Compl. ¶ 20, ECF No. 1 (emphasis added). But claim 1 of the '734 patent, the only claim referenced in the Complaint, requires the receiver to *actually* power off, not merely have the "ability" to do so, and it must do so "by using [] cycle establishing information transmitted by the hub," a requirement as to which the Complaint is entirely silent. *See* Compl. Ex. A at 45:36-40, ECF No. 1-1.

*Second,* Atlas sued Exelon and ComEd, but its Complaint does not plead any facts that suggest that Exelon participated in or directed ComEd's alleged infringing activities.

*Third*, while the Complaint identifies claim 1 as representative, Atlas never explicitly states which claims it is asserting. This is particularly problematic here, because numerous claims of the '734 patent have already been found invalid.

*Fourth,* Atlas states that infringement of the claims of the '734 patent occurred before the patent expired, but the Complaint makes no reference to any theories of infringement. Was ComEd's infringement direct? Indirect? Literal? Under the doctrine of equivalents? Atlas' Complaint doesn't say.

Atlas' barebones Complaint was not even sufficient under Form 18, and it is clearly not sufficient now. It is just and practicable for the current Federal Rules and Supreme Court precedent to govern the sufficiency of Atlas' Complaint and, therefore, Atlas' Complaint against Exelon and ComEd should be dismissed.

## II.  LEGAL STANDARD

A complaint should be dismissed under Rule 12(b)(6) when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted and alteration in original).  The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The "mere possibility of misconduct" is not enough.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint that alleges facts merely consistent with liability "stops short of the line between possibility and plausibility" and should be dismissed.  *Twombly*, 550 U.S. at 546.  A complaint demonstrates plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In patent infringement cases, the Federal Circuit previously held that compliance by a patent plaintiff with Form 18 of the Federal Rules of Civil Procedure was sufficient to avoid dismissal under Rule 12(b)(6).  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012).  But on April 29, 2015, the Supreme Court submitted amendments to the Federal Rules of Civil Procedure, which abrogated the Forms Appendix, including Form 18.  *See* Exelon and ComEd's RJN, Ex. 1 at 30-31.  The Supreme Court Order accompanying the amendments specifies that the amendments "shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." *Id*. at 2 ¶ 2.

## III.  ARGUMENT

### A.  Form 18 No Longer Exists, and It Is Just and Practicable to Apply the Current Federal Rules to Atlas' Complaint.

Although Atlas filed suit on November 30, 2015, in an apparent effort to avoid the amendments to the Federal Rules that took effect on December 1, 2015, the Supreme Court explicitly ordered that the amendments should be applied to "***all proceedings then pending***," so

3

long as application of the amendments was "just and practicable."  Exelon and ComEd's RJN, Ex. 1 at 2 ¶ 2 (emphasis added).

Previous amendments to the Federal Rules have been applied retroactively to the "maximum extent possible," based on the same "just and practicable" language included in the Supreme Court's April 29, 2015 order, where there was no prejudice to the plaintiff.  *See, e.g. Hodges-Williams v. Barnhart*, 221 F.R.D. 595, 601 (N.D. Ill. 2004); *see also Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) ("Amendments to the Federal Rules of Civil Procedure should be given retroactive application to the maximum extent possible.") (internal quotation marks and citation omitted); *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995) ("We agree with the Fifth Circuit that this language ["insofar as just and practicable"] requires application of the new rule to the maximum extent possible.")  (internal quotation marks and citation omitted).

It is particularly just and practical to apply the new rules to Atlas' Complaint when Atlas filed the Complaint just one day before the amendments officially went into effect.  The Supreme Court submitted the amendments months earlier, and it would have been virtually no burden on Atlas, if it really believed it has plausible claims against Exelon or ComEd, to put them on notice of what Atlas' claims are and provide a factual basis that makes them plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007).  As a result, Form 18 should not be applied to evaluate the sufficiency of Atlas' Complaint.

    **B.**    **Atlas' Complaint Should Be Dismissed Because Atlas Fails to:  1) Allege Facts that Make Infringement Plausible; 2) Allege Facts that Suggest Exelon Participated in ComEd's Alleged Infringing Conduct 3) Identify Any Asserted Claims; or 4) Specify Its Theory of Infringement.**

Under the current Federal Rules, Atlas' Complaint suffers from four fatal defects.

    **1.**    **Atlas Fails to Allege Facts that Make Infringement Plausible.**

*First*, Atlas fails to allege facts that set forth a plausible claim for infringement.  In some

instances, Atlas mischaracterizes claim requirements. For example, Atlas asserts that a "smart meter has *the ability* to power off its receiver," Compl. ¶ 20, ECF No. 1 (emphasis added), but the claims of the '734 patent are not satisfied by the ability to power off the receiver. Instead, the claims require a receiver that *actually* powers off and does so "by using [] cycle establishing information transmitted from the hub." *See, e.g.*, Compl. Ex. A, claim 1 at 45:36, ECF No. 1-1 ("the remotes *powering off* their receivers . . . by using the cycle establishing information transmitted from the hub") (emphasis added).

In other instances, Atlas completely neglects claim elements and provides *no* factual basis for alleging that ComEd's products embody them. For example, claim 1 of the '734 patent requires that the hub transmit a frame that "establishes the predetermined intervals during the outbound and inbound portions of the communication cycle *when each remote is allowed to transmit and receive.*" *See id.* at 45:26-30 (emphasis added). Despite referring to claim 1 as a "representative claim," Atlas' Complaint says nothing whatsoever about this requirement, let alone provide any factual grounds for making it plausible that the accused products satisfy this limitation. *See* Compl. ¶¶ 9-21; *see also Twombly*, 550 U.S. at 570.

### 2. Atlas Fails to Allege Facts that Suggest Exelon Participated in ComEd's Alleged Infringing Conduct.

*Second*, Atlas fails to plead any cognizable claim against Exelon Corporation. The Complaint alleges that Exelon "is the holding company for utility companies, such as ComEd and Baltimore Gas and Electric Company, that have installed among their customer bases a network of smart meters supplied by General Electric and/or Landis+Gyr." Compl. ¶ 8, ECF No. 1. This is not enough to sustain a claim against Exelon, because nothing in Atlas' Complaint suggests that Exelon is itself responsible for any of ComEd's allegedly infringing activities.

It is well established that "parent corporations generally are not liable for the wrongs of

their subsidiaries unless they cause the harmful conduct."[1] *Acme-Hardesty Co. v. Van Leer Malaysia SDN. BHD.*, No. 08 C 4249, 2009 WL 537078, at *9 (N.D. Ill. Mar. 4 2009) (dismissing parent company because, *inter alia,* plaintiff alleged only conclusory statements and did not provide any explanation about how the parent manufactured or designed the allegedly defective product at issue) (citing *Bright v. Hill's Pet Nutrition*, Inc., 510 F.3d 766, 771 (7th Cir. 2007)). This general rule applies unless there is evidence that the parent specifically directed an activity, and the claimed injury was foreseeable. *See Santora v. Starwood Hotel and Resorts Worldwide, Inc.*, No. 05 C 6391, 2007 WL 3037098, at *6 (N.D. Ill. Oct. 16, 2007) (denying a motion to amend to add the defendant's corporate parent where plaintiffs failed to state a claim for direct participation liability and did not allege facts showing how the parent's general operating procedures caused the alleged injury).

Here, Atlas' Complaint does not point to a single fact showing that Exelon directly participated in or specifically directed ComEd's allegedly infringing activity. Indeed, the only thing Atlas' Complaint says about Exelon (beyond its state of incorporation and address) is that it is a holding company for ComEd and ComEd has installed allegedly infringing products. Compl. ¶ 8. That is not sufficient to state a claim for infringement against Exelon, who should therefore be dismissed from this action. *Acme-Hardesty Co.*, 2009 WL 537078, at *9.

### 3. Atlas Fails to Identify Any Asserted Claims.

*Third*, Atlas' Complaint never specifies which claims it is asserting are infringed. That omission is particularly problematic here, because multiple independent claims of the '734 patent have been invalidated by the PTAB. Before the PTAB issued its final written decision, the

---

[1] Co-defendant Exelon Corporation is not actually the direct parent company of ComEd. Exelon Energy Delivery Company, LLC is the direct corporate parent of ComEd and Exelon Corp., in turn, is the direct corporate parent of Exelon Energy Delivery Company, LLC.

Federal Circuit construed two key claim terms in decisions issued the same day. *See Atlas IP, LLC v. Medtronic, Inc.*, Nos. 2015-1071, 2015-1105, 2015 WL 6550622 (Fed. Cir. Oct. 29, 2015); *Atlas IP, LLC v. St. Jude Med. S.C., Inc.*, 804 F.3d 1185 (Fed. Cir. 2015). Prior to these decisions, Atlas had argued to the PTAB that the IPR turned on a single claim construction issue—the meaning of the phrase "repeating communication cycles, each of which has intervals during which the hub and the remotes transmit and receive frames." *See* Exelon and ComEd's RJN, Ex. 2 at 9-10. The Federal Circuit rejected Atlas' claim construction position on this precise issue, holding that the claim language requires only that each cycle have one or more intervals in which remotes are allowed to transmit frames. *See id.* at 10-11; *Medtronic*, 2015 WL 6550622, **7-9. The PTAB applied the Federal Circuit's claim construction to the challenged claims of the '734 patent, which were construed under the standards articulated in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005).[2] The PTAB concluded that independent claims 6, 11, 14, and 21 are invalid in light of the prior art under this claim construction. *See* Exelon and ComEd's RJN, Ex. 2 at 10-11, 29. Atlas' Complaint does not say what claims it is asserting, nor does it articulate why it is plausible that any such claims remain valid in view of the PTAB's decision. As such, Exelon and ComEd are not sufficiently on notice of the claims against which they must defend and Atlas has not sufficiently demonstrated that its claims are plausible on their face. *Twombly*, 550 U.S. at 554-55.

### 4. Atlas Fails to Specify Its Theories of Infringement.

*Fourth*, Atlas states that ComEd's "smart meters and access points . . . infringed the claims of the '734 patent before the expiration thereof[,]" Compl. ¶ 26, ECF No. 1, but Atlas

---

[2] While the PTAB typically employs a different claim construction standard than a district court, for claims of an expired patent, like the '734 patent, the Board's analysis is "similar to that of a district court." *See* Exelon and ComEd's RJN, Ex. 2 at 8 (citing *In re Rambus, Inc.*, 694 F.3d 42, 46 (Fed. Cir. 2012)).

fails to specify whether any purported past infringement was direct, indirect, literal, or under the doctrine of equivalents. Again, Atlas' failure to do so deprives Exelon and ComEd of fair notice, particularly where, as here, the patent is long expired. *Twombly*, 550 U.S. at 555.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court grant the Motion to Dismiss.

Dated:  January 25, 2016

Respectfully submitted,

*/s/ Adam R. Brausa*
ADAM R. BRAUSA

DURIE TANGRI LLP
Daralyn J. Durie (*pending Pro Hac Vice*)
Adam R. Brausa (SBN 6292447)
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:     415-236-6300
ddurie@durietangri.com
abrausa@durietangri.com

Lynn E. Rzonca
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone:  215-864-8294
rzoncal@ballardspahr.com

Nicole Nocera
EXELON CORPORATION
10 South Dearborn Street, 49th Floor
Chicago, IL 60603
Telephone:  312-394-4045
nicole.nocera@exelon.com

Attorneys for Defendants
*Exelon Corp. and Commonwealth Edison Co.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2016, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Adam R. Brausa*
ADAM R. BRAUSA
