# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

ATLAS IP, LLC,
a Florida Limited Liability Corporation,

                  Plaintiff,

     v.

COMMONWEALTH EDISON CO., an
Illinois Corporation,

                  Defendant.

Case No. 1:15-cv-10746

Hon. Milton I. Shadur

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES AND COSTS UNDER 35 U.S.C. § 285 AND 28 U.S.C. § 1927

## <u>TABLE OF CONTENTS</u>

Page

I.  INTRODUCTION ........................................................................................................1

II.  PROCEDURAL AND FACTUAL BACKGROUND.........................................................3

III.  ARGUMENT ............................................................................................................7

    A.  ComEd is Entitled to Attorneys' Fees and Costs Under 35 U.S.C. § 285. .............7

        1.  Fees are warranted because Atlas's case against ComEd was based on a frivolous claim construction that is inconsistent with the facts it alleged.........................................................................................................8

        2.  Fees are warranted because of Atlas's unreasonable litigation conduct. ......................................................................................................10

    B.  Atlas's Counsel Should Be Held Jointly and Severally Liable for Attorneys' Fees and Costs Under 28 U.S.C. § 1927...............................................11

IV.  CONCLUSION.........................................................................................................13

# <u>TABLE OF AUTHORITIES</u>

Page(s)

## <u>Cases</u>

*Armament Systems & Procedures, Inc. v. Suncoast Merchandise Corp.*,
   No. 02 C 5310, 2004 WL 1433588 (N.D. Ill. June 25, 2004) ................................................ 12

*Burda v. M. Ecker Co.*,
   2 F.3d 769 (7th Cir. 1993) ................................................................................................... 12

*Chicago Board Options Exchange, Inc. v. Securities Exchange, LLC*,
   Case No. 07 C 623, 2014 WL 6978644 (N.D. Ill. Dec. 10, 2014).................................... 8, 11

*Dal Pozzo v. Basic Mach. Co.*,
   463 F.3d 609 (7th Cir. 2006) ............................................................................................... 12

*Intellect Wireless, Inc. v. Sharp Corp.*,
   45 F. Supp. 3d 839 (N.D. Ill. 2014) .............................................................................. 11, 13

*Kotsilieris v. Chalmers*,
   966 F.2d 1181 (7th Cir. 1992) ............................................................................................. 12

*Lugus IP, LLC v. Volvo Car Corp.*,
   Civil Action No. 12-2906, 2015 WL 1399175 (D.N.J. Mar. 26, 2015),
   *appeal docketed*, No. 16-1305 (Fed. Cir. Dec. 11, 2015) .................................................. 8, 9

*Lumen View Tech. LLC v. Findthebest.com, Inc.*,
   24 F. Supp. 3d 329 (S.D.N.Y. 2014)...................................................................................... 9

*Lumen View Technology LLC v. Findthebest.com, Inc.*,
   984 F. Supp. 2d 189 (S.D.N.Y. 2013)................................................................................... 9

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   134 S. Ct. 1749 (2014) ............................................................................................... 7, 8, 11

*Phonometrics, Inc. v. Westin Hotel Co.*,
   350 F.3d 1242 (Fed. Cir. 2003)........................................................................................... 12

*Raylon, LLC v. Complus Data Innovations, Inc.*,
   700 F.3d 1361 (Fed. Cir. 2012)............................................................................................. 7

*Riddle & Assocs. v. Kelly*,
   414 F.3d 832 (7th Cir. 2005) ............................................................................................... 13

*Segan LLC v. Zynga, Inc.*,
   131 F Supp. 3d 956 (N.D. Cal. 2015) ....................................................................... 9, 12, 13

## <u>Statutes</u>

28 U.S.C. § 1927................................................................................................ 3, 12, 13, 14

35 U.S.C. § 101 .............................................................................................................. 9

35 U.S.C. § 285 ..................................................................................................... 7, 10, 13

**<u>Rules</u>**

Fed. R. Civ. P. 12 ................................................................................................................... 9

Fed. R. Civ. P. 54(d)(2) ......................................................................................................... 3

## I.       INTRODUCTION

Atlas should have never sued ComEd.  As this Court recognized, "Atlas' action depend[ed] on an unsustainable construction of the allegedly infringed patent claim" and was "a hopeless lawsuit of precisely the sort that the last decade's interpretation of and amendments to the Rules were intended to dispose of quickly and even to deter outright."  Atlas sued ComEd the day before the amendments to the Federal Rules took effect for infringement of a patent that expired almost three years earlier.  The same day, Atlas sued another company in a different jurisdiction, based on the exact same functionality it accused here.[1]

Days after Atlas filed suit, multiple independent claims of the asserted patent were found unpatentable by the Patent Trial and Appeal Board ("PTAB") in an *inter partes* review ("IPR").

Roughly a month after Atlas filed suit, ComEd's counsel informed Atlas why it did not infringe, noted that numerous independent claims had been found unpatentable, and told Atlas that it would seek fees if the case went forward.  Atlas responded by noting that claim 1, unlike the claims found unpatentable, required that specific information be sent to "each remote" and dismissed ComEd's concerns.  Then, after initially naming the corporate parent of ComEd, Exelon Corporation ("Exelon") as a defendant (without any basis), Atlas failed to attend the Notice of Presentment of Atlas's first motion to dismiss, which resulted in dismissal of the action against Exelon and dismissal of the complaint against ComEd.  Atlas then filed a First Amended Compliant, but withdrew it and sought leave to file a Second Amended Complaint, rather than

---

[1] The same day it sued ComEd, Atlas sued Pacific Gas & Electric Co. ("PG&E") in the Northern District of California.  More recently, it also sued Florida Power & Light Co. ("FP&L") in the Southern District of Florida.  All of these energy providers utilize access points and smart meters equipped with Silver Spring Networks communication modules, like the accused ComEd products.  PG&E has moved to dismiss and recently filed supplemental briefing requesting that collateral estoppel effect be given to this Court's May 17, 2016 order, given the identical issues presented.  FP&L has not yet responded to the complaint.

defend its First Amended Complaint in the face of Atlas's second motion to dismiss. ComEd was then forced to prepare a third motion to dismiss, this time directed to Atlas's Second Amended Complaint. In response, Atlas argued that the "each remote" limitation—***that its counsel had previously focused on to justify Atlas's suit***—should be effectively excised from claim 1. On May 17, 2016, Atlas finally had to face the inevitable music, when its Second Amended Complaint was dismissed with prejudice.

Given these facts, why should ComEd bear the expense of having to defend itself against Atlas's baseless allegations? 35 U.S.C. § 285 and 28 U.S.C. § 1927 both exist to ensure that it should not. Section 285 is intended to compensate litigants for unnecessary expenses and deter parties from bringing frivolous lawsuits. Section 1927 is designed to deter counsel from pursuing frivolous claims.

This case is "exceptional" under Section 285 and Supreme Court precedent because it "stands out from the rest" with respect to both "the substantive strength of a party's litigation position (considering both the governing law and the facts of the case)" ***and*** "the unreasonable manner in which the case was litigated."

*First*, as this Court acknowledged, Atlas's proposed claim construction supporting its infringement allegation was wholly inconsistent with the specification of the patent and wrong as a matter of law. And even if Atlas's claim construction were adopted, its allegations were "not sunk by claim construction alone": Atlas' infringement arguments were inconsistent with its own assertions in its Complaint (not to mention it assertions in response to ComEd's initial outreach at the beginning of the case).

*Second*, this matter was litigated in an unreasonable manner. Atlas named ComEd's corporate parent without any basis, filed a First Amended Complaint that it didn't bother to

defend, and then filed a Second Amended Complaint that relied on essentially the same facts that had already been found to be insufficient.

In short, Atlas, with the assistance of its counsel, brought a "hopeless lawsuit" in the first instance and then needlessly multiplied the proceedings, forcing Exelon and ComEd to address a variety of baseless allegations before the action was ultimately dismissed. This is exactly the type of case for which Congress empowers courts to shift fees and costs. And given the circumstances, this is also the type of case where Atlas's counsel should be jointly and severally liable for ComEd's fees and costs under Section 1927, to deter other counsel from unreasonably pursuing meritless claims.[2]

## II. PROCEDURAL AND FACTUAL BACKGROUND

Atlas sued both ComEd and Exelon for infringement of U.S. Patent No. 5,371,734 ("the '734 patent") on November 30, 2015, one day before the Amendments to the Federal Rules took effect. ECF No. 1. The same day, Atlas sued PG&E in the Northern District of California for infringement of the same patent, based on the same accused products and infringement allegations. *Compare* Compl., ECF No. 1 ¶¶ 9-21 *with* Ex. 1 ¶¶ 7-19 (Compl. in *Atlas IP, LLC v. Pacific Gas & Electric Co.*, No. 15-cv-05469-EDL (N.D. Cal. filed Nov. 30, 2015)).

Roughly a month later, after having reviewed Atlas's allegations, counsel for ComEd, Exelon, and PG&E wrote Atlas and requested that it drop its claims against all three defendants. *See* Ex. 2 (Jan. 6, 2016 ltr. from Durie to Summerfield). Writing on behalf of all three defendants, ComEd's counsel explained that the accused devices do not "power off," "by using [] cycle establishing information transmitted from an access point" as the claims of the '734 all

---

[2] Pursuant to Federal Rule of Civil Procedure 54(d)(2), ComEd brings its motion for fees and costs now and in the event that the Court determines that a fees and costs award is warranted, it will work with Atlas to determine any amount in controversy pursuant to the procedures set forth in Local Rule 54.3.

require. *Id.* at p. 1. And ComEd's counsel pointed out that just after Atlas filed suit, independent claims 6, 11, 14, and 21 were found unpatentable by the PTAB, using the Federal Circuit's claim construction, which was based on the *Phillips* standard used by district courts in litigation.[3] *Id.* at pp. 1-2. ComEd's counsel informed Atlas's counsel that if they did not drop their baseless allegations, the defendants would seek fees at the appropriate time. *Id.* at p. 2.

Two days later, on January 8, 2016, Atlas's counsel responded and contended that Silver Spring Networks' battery-powered communication devices use the IEEE 802.15.4g standard and therefore "the network coordinator controls communications between it and the other devices in the network. These other devices indeed power off their transmitters and receivers based upon information communicated by the hub." *See* Ex. 3 (Jan. 8, 2016 email exchange between Durie and Summerfield). Of note, at this point in time, consistent with its original complaint (and the two amended complaints that followed), Atlas's counsel referred to multiple "devices" in the network in addition to the hub, or network communicator. Beyond the unsupported statement that these "other devices" power off "based upon information communicated by the hub," Atlas's counsel did not respond to defendants' concerns about the sufficiency of its infringement allegations. *Id.*

Atlas's counsel also noted that claim 1 of the '734 patent was not at issue in the IPR proceedings and contains an additional limitation not present in the unpatentable claims: "the frame containing the cycle establishing information also establishing the predetermined intervals during the outbound and inbound portions of the communications cycle ***when each remote is allowed to transmit and receive***." *Id.* (emphasis in original). Thus, in January 2016, Atlas's counsel drew attention to the very claim element it would later argue was redundant and also

---

[3] In Atlas's original complaint, it did not specify which claims of the '734 patent it was asserting against ComEd and Exelon. *See* ECF No. 1.

4

emphasized the "each remote" language that it would later implausibly could refer to only a single remote. *See* ECF No. 29 at 3 ("While there **could** be a distinction between these limitations, there are also instances when the two limitations are coextensive.") (emphasis in original).

In response, ComEd's counsel asked Atlas's counsel to identify what specific section of the 802.15.4g standard he was referencing. *See* Ex. 3. Atlas's counsel never responded.

ComEd and Exelon moved to dismiss the complaint filed against them on *Twombly/Iqbal* grounds on January 25, 2016. *See* ECF No. 11. Exelon also moved to have the action against it dismissed, because Atlas's complaint did not include any allegations suggesting that Exelon was responsible for ComEd's allegedly infringing activities. *See* ECF No. 11 at 5. A hearing was held on February 5, 2016, which Atlas's counsel did not attend, and the Court dismissed the action against Exelon with prejudice and the complaint against ComEd, with leave to amend. *See* ECF No. 15.

Atlas filed its First Amended Complaint on February 26, 2016. *See* ECF No. 19. The primary change Atlas made to its infringement allegations was to add language to two paragraphs relating to the "powering off" step. *Compare* ECF No. 19 ¶¶ 17-18 *with* ECF No. 1 ¶¶ 19-20. ComEd moved to dismiss Atlas's First Amended Complaint on March 8, 2016, arguing that the minor changes Atlas made did not cure the primary defects in the original complaint. *See* ECF No. 21-1. The next day, Magistrate Judge LaPorte in the Northern District of California dismissed Atlas's original complaint against PG&E without prejudice and granted leave to amend. *See* Ex. 4 (Mar. 9, 2016 Order in *Atlas IP, LLC v. Pacific Gas & Electric Co.*, No. 15-cv-05469-EDL (N.D. Cal.). On March 10, 2016, there was a status hearing in this case, at which Atlas's counsel made no attempt to defend the sufficiency of Atlas's First Amended

Complaint and instead asked for leave to amend yet again. On March 24, 2016, Atlas filed its Second Amended Complaint against ComEd. ECF No. 25. Atlas did not amend the infringement allegations in the body of the complaint. Instead, Atlas attached a claim chart as Exhibit B, purportedly showing how the accused products infringe claim 1 of the '734 patent. *See* ECF No. 25-2.

A week later, ComEd was forced to file yet another motion to dismiss—its third. *See* ECF No. 28-1. After briefing was complete, this Court granted ComEd's third motion to dismiss and dismissed Atlas's Second Amended Complaint and the action against ComEd with prejudice. *See* ECF No. 34.

The action against ComEd was explicitly dismissed on three separate grounds. *First*, the Court rejected Atlas's contention that Claim 1 of the '734 patent could be construed to cover one hub communicating with only one remote: "the Frame Element makes sense only if any MAC protocol covered by Claim must be capable of controlling a plurality of remotes." ECF No. 34 at 12. As a result, "Atlas' action thus depends on a claim construction that is wrong as a matter of law" such that amendment would be futile. *Id.* at 14. *Second*, even if Atlas's incorrect claim construction were adopted, its infringement allegations were "entirely speculative" because "Atlas' detailed description of how the Network Products function indicates that later signals from the Access Point do not satisfy any reasonable construction of the Repeating Cycle Element. . . ." *Id.* at 15. *Third*, Atlas' current theory of infringement was inconsistent with its affirmative allegations in its complaint, such that "Atlas must contradict the SAC to get anywhere at all." *Id.* at 16. The action was dismissed with prejudice because "no amendment can permissibly contradict the facts on which Atlas has repeatedly grounded its claim for relief, rather than clarify or supplement them." *Id.* This Court also recognized that "[o]ther aspects of

the SAC beyond those discusses . . . are more than troubling, but enumerating them would unduly distract from the analysis that prompts this Court to dismiss the SAC and this action." *Id.* at 11 n.3.

## III.  ARGUMENT

### A.  ComEd is Entitled to Attorneys' Fees and Costs Under 35 U.S.C. § 285.

Under the fee-shifting provision applicable to patent cases, 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Section 285 was enacted by Congress to "deter the improper bringing of clearly unwarranted suits" and compensate "the prevailing party for its monetary outlays in the prosecution or defense of the suit." *See Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1372-73 (Fed. Cir. 2012). In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1751 (2014), the Supreme Court clarified the standard for evaluating whether a case is exceptional. An exceptional case warranting attorneys' fees is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) *or* the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1751 (emphasis added). District courts are to "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* The Supreme Court explicitly rejected the strict standard that had been previously employed by the Federal Circuit, which required showing both subjective bad faith and objective baselessness. *Id.* at 1758. The Supreme Court also relaxed the burden for demonstrating entitlement to fees, requiring that it be shown only by a preponderance of the evidence. *Id.*

**1. Fees are warranted because Atlas's case against ComEd was based on a frivolous claim construction that is inconsistent with the facts it alleged.**

This court correctly rejected Atlas's "effort to escape the significance of Claim 1's speaking in terms of a plurality of remotes. . . ."  ECF No. 34 at 13.  While Atlas argued for a "lonesome network configuration" consisting of a single hub and a single remote, "[a]t no point is any element of Claim 1 phrased in a manner that would encompass the (bizarre) possibility that the MAC protocol described might be incapable of doing so for more than a single remote." *Id*. at 12.  And Atlas's position was flatly inconsistent with its counsel's earlier effort to distinguish claim 1 from the claims found unpatentable by the PTAB, based on the claim 1 requirement that certain information be communicated to "each remote."  *See* Ex. 3.

Post-*Octane Fitness,* when faced with infringement allegations based on frivolous claim constructions like Atlas's here, numerous district courts have deemed an award of fees under Section 285 to be appropriate.  For example, in *Chicago Board Options Exchange, Inc. v. Securities Exchange, LLC*, Case No. 07 C 623, 2014 WL 6978644, at **5-6 (N.D. Ill. Dec. 10, 2014), Judge Lefkow concluded that a case was exceptional where plaintiff pursued infringement allegations based on a claim construction that had previously been rejected.  An award of fees was appropriate, because "[r]ather than folding its tent, [plaintiff] wasted the court's and [defendant's] time and resources."  *Id.* at *5.

In another case, the claim at issue was directed to a child safety seat for use in mass transit vehicles that "automatically" converted into an adult seat when not in use.  *Lugus IP, LLC v. Volvo Car Corp.*, Civil Action No. 12-2906, 2015 WL 1399175, at *1 (D.N.J. Mar. 26, 2015), *appeal docketed*, No. 16-1305 (Fed. Cir. Dec. 11, 2015).  The accused device required manual intervention to convert it from the child seat to the adult seat.  *Id*. at *3.  Plaintiff nonetheless maintained its infringement claim based on its assertion that the accused product "was designed

8

to be operational with one hand and with limited force. . . ." *Id*. at *4. The court rejected plaintiff's argument and held that:

> Because Plaintiff had no objectively reasonable basis to contend that Defendants' manually operated seat infringed upon Plaintiff's patent [requiring an automatic seat], the Court finds this case to be exception under 35 U.S.C. § 285 and in its discretion, awards attorneys' fees to Defendants, without needing to reach the issue of whether Plaintiff acted in bad faith.

*Id*. at *6.

Similarly in *Segan LLC v. Zynga, Inc.*, 131 F Supp. 3d 956 (N.D. Cal. 2015), the court awarded fees where the plaintiff persisted in arguing that the claim element of "***access[ing]*** the user's record at the service provider" was infringed when "Facebook '***communicates information . . . to*** the service provider. . . .'" *Id*. at 961 (emphases added). The court rejected plaintiff's strained construction of the word "access" and concluded that the plaintiff "might as well have argued that the sky is the ground." *Id*.

Fees have also been awarded in patent cases terminated by Rule 12 motions, like the case here. In *Lumen View Technology LLC v. Findthebest.com, Inc.*, 984 F. Supp. 2d 189, 205 (S.D.N.Y. 2013), the court dismissed a complaint under Section 101 based on a Rule 12(c) judgment on the pleadings. The court then awarded fees after concluding that the plaintiff's lawsuit was "frivolous" and "objectively unreasonable." *See Lumen View Tech. LLC v. Findthebest.com, Inc.*, 24 F. Supp. 3d 329, 335 (S.D.N.Y. 2014). The asserted claims required "multiple parties to input preference information," whereas the accused product utilized "the preference data of only one party." *Id*. In view of these facts, the court concluded that "[n]o reasonable litigant could have expected success on the merits in [plaintiff's] patent infringement lawsuit. . . ." *Id.*

The totality of the circumstances of Atlas's claims against ComEd fit the mold of the

cases above. Atlas's three complaints and the '734 patent speak of multiple remotes, but Atlas opposed ComEd's third motion to dismiss on the grounds that claim 1 allegedly encompasses a "lonesome network configuration" with a single remote. This Court concluded that Atlas's argument on this point was "bizarre" and that "[n]othing in the specification suggests" Atlas's proposed reading of the claim. ECF No. 34 at 12-13. Thus, not only did Atlas's action depend "on a claim construction that is wrong as a matter of law," *id*. at 14, it was a claim construction for which there was no objectively reasonable basis to pursue ***and*** it was at odds with facts alleged by Atlas in the three complaints it filed against ComEd. *Id*. at 11, 16-17.

> **2.** **Fees are warranted because of Atlas's unreasonable litigation conduct.**

Fees are also appropriate under Section 285 because of Atlas's unreasonable litigation conduct, namely:

- Atlas sued ComEd in late 2015 on a patent that had expired in early 2013 (ECF No. 1-1);

- Atlas filed bare-bones complaints in two jurisdictions based on the same accused structure (Silver Spring Networks communication modules) one day before the amendments to the Federal Rules abrogating Form 18 took effect (ECF No. 1, Ex. 1);

- Atlas named Exelon as a defendant in this litigation, without making any allegation that Exelon was responsible for ComEd's allegedly infringing activity or ever trying to justify that it was a properly named defendant (ECF No. 1);

- Atlas continued to pursue its infringement claims after the PTAB found four independent claims of the patent unpatentable using a claim construction provided by the Federal Circuit (Ex. 3);

- Atlas continued to pursue its infringement claims after being informed by ComEd's counsel that its allegations were meritless (*id*.);

- Atlas's counsel told ComEd's counsel that it would pursue infringement of claim 1 and specifically distinguished claim 1 from the claims found unpatentable by the PTAB based on the claim element Atlas would later claim was "coextensive" with the preceding element (*id*.; ECF No. 29 at 3);

- Atlas's counsel referred to multiple devices and "each remote" in its response to ComEd's counsel, but later argued that claim 1 could encompass a network with a single remote (*compare* Ex. 3 *with* ECF No. 29);

- Atlas never responded to ComEd counsel's request for the specific section of the standard that Atlas's counsel pointed to in support of their infringement allegation (Ex. 3);

- Atlas filed a First Amended Complaint, but then withdrew it and asked to file another, instead of defending it in the face of ComEd's second motion to dismiss (ECF No. 19, ECF No. 24); and

- Atlas filed a Second Amended Complaint, with allegations mirroring its first two complaints, but then argued for the first time, in opposition to ComEd's third motion to dismiss that its infringement theory was based on a "single remote" network, which this Court concluded was a "bizarre" theory in view of the patent and the facts alleged by Atlas. *See generally* ECF No. 25, ECF No. 29, ECF No. 34.

"The purpose of Section 285 is not to punish the losing party, but rather, to compensate the prevailing party for the costs incurred due to the losing party's 'unreasonable' conduct." *See Intellect Wireless, Inc. v. Sharp Corp.*, 45 F. Supp. 3d 839, 848 (N.D. Ill. 2014). ComEd is entitled to compensation because Atlas repeatedly elected to pursue infringement allegations that it knew were baseless and forced ComEd to serially file motions to dismiss. Indeed, "Atlas was certainly familiar with its own patent and what an infringing product would look like when it filed this lawsuit." ECF No. 34 at 16. Like the defendant in *Chicago Board Options Exchange*, 2014 WL 6978644, Atlas should have folded its tent long ago (or never unfolded it in the first place), but instead it wasted the court's and ComEd's time and resources. Atlas's conduct as a whole "stands out from others" and therefore fees are appropriate. *See Octane Fitness*, 134 S. Ct. at 1756.

**B. Atlas's Counsel Should Be Held Jointly and Severally Liable for Attorneys' Fees and Costs Under 28 U.S.C. § 1927.**

ComEd separately requests that Atlas's counsel be held jointly and severally liable for

ComEd's fees and costs under Section 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 applies in cases in which "counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders." *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184-85 (7th Cir. 1992).

Only "objective bad faith" must be shown under Section 1927, which "does not require a finding of malice or ill will; reckless indifference to the law will qualify." *See Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound the conduct is objectively unreasonable and vexatious." *Id*. (citation omitted). And "[s]ection 1927 imposes a continuing duty on counsel to dismiss claims that are no longer viable." *See Burda v. M. Ecker Co*., 2 F.3d 769, 778 (7th Cir. 1993).

In *Burda*, the 7th Circuit imposed sanctions under Section 1927 in a case where the plaintiff opposed a motion to dismiss, instead of voluntarily dismissing its frivolous complaint. In *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242 (Fed. Cir. 2003), the Federal Circuit affirmed the imposition of sanctions in a patent suit where the attorneys refused to drop the case even after it became clear that their claim constructions could not succeed. *Id*. at 1247-48. And in *Armament Systems & Procedures, Inc. v. Suncoast Merchandise Corp.*, No. 02 C 5310, 2004 WL 1433588, at *2 (N.D. Ill. June 25, 2004), Judge Grady awarded fees and costs under Sections 285 and 1927 where plaintiff's counsel failed to investigate the pertinent facts and opposed defendant's motion for summary judgment without basis. *See id.* Finally, in *Segan*,

fees and costs were awarded under Section 285, but counsel was held jointly and severally liable for a portion of the fees where the law firm of Blank Rome advocated claim constructions "so unreasonable that no reasonable litigant could believe it would succeed." *See Segan,* 131 F. Supp. 3d at 963 (citation omitted).

Atlas, through its counsel, "brought a hopeless lawsuit of precisely the sort that the last decade's interpretation of and amendments to the Rules were intended to dispose of quickly ***and even to deter outright***." (ECF No. 34 at 11 (emphasis added).)  These amendments were apparently not enough to deter Stadheim & Grear, who attempted to avoid them entirely by filing suit the day before they went into effect.  The purpose of Section 1927 "is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them."  *See Intellect Wireless, Inc. v. Sharp Corp.*, 87 F. Supp. 3d 817, 844 (N.D. Ill. 2015) (quoting *Riddle & Assocs. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005)).  Here, Stadheim & Grear should be jointly and severally liable with Atlas for ComEd's fees and costs, because they are the attorneys that advised the plaintiff to continue litigating after the PTAB invalidated various claims and after they were on notice that ComEd does not infringe.  And they were the attorneys that failed to put their infringement allegations based on a "lonesome network configuration" in any of the three complaints Atlas filed, instead saving them for an opposition to ComEd's third motion to dismiss.  Moreover, a fee award under Section 1927 is particularly appropriate because Atlas may be judgment-proof, as it appears to be a non-practicing entity and the extent of its non-patent assets is not currently known.  Holding Stadheim & Grear jointly and severally liable would ensure that ComEd is compensated for its losses.

## IV.    CONCLUSION

For the foregoing reasons, ComEd respectfully requests that the Court find this case exceptional under 35 U.S.C. § 285 and enter an order requiring Atlas to pay ComEd's fees and

costs incurred defending itself in this litigation, in an amount to be determined, and also hold

Stadheim & Grear jointly and severally liable for this amount under 28 U.S.C. § 1927.


Dated:  May 31, 2016                              Respectfully submitted,

                                          By:  _____ */s/ Adam R. Brausa*_____
                                                          ADAM R. BRAUSA

                                          Daralyn J. Durie (*Pro Hac Vice*)
                                          Adam R. Brausa (SBN 6292447)
                                          DURIE TANGRI LLP
                                          217 Leidesdorff Street
                                          San Francisco, CA  94111
                                          Telephone:     415-362-6666
                                          Facsimile:     415-236-6300
                                          ddurie@durietangri.com
                                          abrausa@durietangri.com

                                          Attorneys for Defendant
                                          COMMONWEALTH EDISON CO.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2016, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Adam R. Brausa*
ADAM R. BRAUSA
